# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| M. KATHLEEN McKINNEY, Regional Director of Region 15 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner, vs. KELLOGG COMPANY, Respondent. | No. 14-2272 |

## ORDER

Before the Court is Respondent Kellogg Company's ("Kellogg") May 1, 2014 Motion to Dismiss for lack of subject matter jurisdiction (the "Motion"). (D.E. 21.) M. Kathleen McKinney (the "Petitioner"), Regional Director of Region 15 of the National Labor Relations Board (the "Board"), responded on May 12, 2014. (D.E. 32.) Kellogg replied on May 16, 2014. (D.E. 34.) For the following reasons, the Motion is DENIED.

Section 10(j) of the National Labor Relations Act ("NLRA") grants the Board power to petition a district court for "temporary relief or restraining order" against an employer the Board has charged with engaging in an unfair labor practice. 29 U.S.C. § 160(j). Petitioner filed a § 10(j) petition in this

Court on April 15, 2014. (D.E. 1.) Kellogg argues that Petitioner did not file a valid petition because Petitioner has no authority over the Memphis region. The gravamen of the Motion is that the Board that consolidated the Memphis region under Petitioner's jurisdiction lacked authority to do so because the Board consisted of members unlawfully appointed under the President's recess-appointment powers. (Mot. at 3.)

The NLRA vests in the General Counsel of the Board "final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of this title[.]" 29 U.S.C. § 153(d). Regional Directors who file petitions may act only pursuant to the General Counsel's final authority. See NLRB Casehandling Manual, Part 1, Unfair Labor Practice Proceedings § 10068.2 (January 2011). In exercising that authority, the General Counsel is not limited to delegating the filing of a petition to a regional director over the region of the dispute. See, e.g., Edward's Restaurant, 305 NLRB 1097, 1097 (1992), enforced, 983 F.2d 1068 (6th Cir. 1992). Thus, the issue is not whether the Board validly consolidated the Memphis region under Petitioner's jurisdiction. Petitioner had authority to file the present petition as an agent of the Board's General Counsel. See § 153(d). The Court has jurisdiction.

For the foregoing reasons, Kellogg's Motion to Dismiss is DENIED.

So ordered this 23rd day of June, 2014.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE